UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

````
                                      )
WILLIAM BREWSTER,                     )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        Civil No. 19-10515-LTS
                                      )
FEDERAL STUDENT AID,                  )
                                      )
        Defendant.                    )
                                      )
````

                    ORDER ON MOTION TO DISMISS (DOC. NO. 11)

                                October 28, 2019

SOROKIN, J.

William Brewster, a *pro se* Plaintiff, filed the Complaint in this action on March 19, 2019, Doc. No. 1, and a document styled an Amendment to the Complaint on May 29, 2019, Doc. No. 6. On June 25, 2019, the Court issued an Order recharacterizing the Amendment as an Addendum and dismissing all Defendants but Federal Student Aid, Doc. No. 7, which is an office of the Department of Education. On September 3, 2019, the remaining Defendant, Federal Student Aid, filed a Motion under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the action for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. Doc. No. 11. Initially, Brewster did not file an opposition, but the Court issued an Order to Show Cause, Doc. No. 16, and in response Brewster filed a handwritten Opposition. Doc. No. 17.

The Court applies the familiar standard applicable to a Motion to Dismiss filed under Federal Rules of Civil Procedure Rule 12. See Bruns v. Mayhew, 750 F.3d 61, 71 (1st Cir. 2014); Aversa v. United States, 99 F.3d 1200, 1210-11 (1st Cir. 1996). Defendant first moves to dismiss alleging a lack of subject matter jurisdiction.

The only seemingly applicable statute is the Administrative Procedure Act which confines judicial review to final agency actions. Bennett v. Spear, 520 U.S. 154, 177-78 (1997). The lawsuit arises out of Brewster's undischarged student loans. Insofar as Brewster challenges decisions by the Department of Education regarding the discharge of his student loans and the return of funds collected under the Treasury Offset Program ("TOP"), Plaintiff Brewster has not alleged that there is a final agency action for the Court to review. In the absence of final agency action, the Court lacks jurisdiction to review the claim. 5 U.S.C. § 704; Bennett v. Spear, 520 U.S. 154, 177-78 (1997).[1]

Moreover, to the extent Plaintiff Brewster is seeking an injunction against offset of loan debts and return of TOP funds, that request is moot and untimely because Federal Student Aid represents that they have not received funds since 2012. In any event, the Court lacks the authority to grant relief because the government has not waived sovereign immunity. 20 U.S.C. § 1082(a)(2)); OneSimpleLoan v. U.S. Secretary of Educ., No. 06-2979, 2006 WL 1596768 at *5 (S.D.N.Y. June 9, 2006); Green v. U.S., 163 F.Supp.2d 593, 597 (W.D.N.C. 2000) (holding that the Department of Education is immune from suits for injunctive relief).

Finally, to the extent that Plaintiff faces child support proceedings, Federal Student Aid is not a proper Defendant.

---

[1] The Court notes that civil actions against the United States are barred unless the complaint is filed within six years after the cause of action accrued. Based on the official records submitted by the Department of Education, no action of any type has occurred on Brewster's loans since 2012. Thus, his claims are untimely under the APA in any event.

For the foregoing reasons, and additional reasons stated in Federal Student Aid's Memorandum in Support of Motion to Dismiss, Doc. No. 12, the Motion is ALLOWED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge